## COLES *v.* WOODS ET AL.

[No. 21,499.   Filed June 28, 1910.]

HIGHWAYS.—*Gravel Roads.—Appeals from Boards of Commissioners.—*A landowner remonstrating for damages against the establishment (§7719 Burns 1908, Acts 1907 p. 68, §1) of a "three mile" gravel road over his farm, and whose remonstrance was dismissed by the board, has a right of appeal to the circuit court (§7793 Burns 1908, Acts 1905 p. 521, §123).

From Ohio Circuit Court; *George E. Downey,* Judge.

Highway petition by Orpheus A. Woods and others, against which John B. Coles remonstrates. From a judgment for petitioners, remonstrant appeals. *Reversed.*

*John B. Coles, in pro. per.,* and *Cynthia Coles Sink,* for appellant.

JORDAN, J.—This was a proceeding instituted by appellees before the board of commissioners of the county of Ohio, for the improvement of a public highway situated in Union township in said county. The proceeding is based upon section one of the act of 1907 (Acts 1907 p. 68, §7719 Burns 1908), commonly known as "the three mile gravel road law." It appears that thirty voters, claiming to be a majority of the freehold voters of said Union township, petitioned the board of commissioners to improve a part of a public highway, known as the "Woods Ridge Road," at the expense of the township, without submitting the question to the voters of the township. Such proceedings appear to have been had before the board as resulted in the appointment of viewers under §7715 Burns 1908, Acts 1905 p. 521, §66. These viewers reported favorably upon the improvement, and designated in their report the manner in which the highway should be improved. Thereupon appellant presented to the viewers his claim for damages, wherein he stated that he owned 125 acres of real estate in said Union township, worth $2,500; that the construction of the road, as viewed and reported by the viewers in their report on file in the auditor's office, would damage him in the sum of $200, for which amount he asked an allowance and assessment in his favor as damages. He also filed with the county auditor a duplicate of his claim. Thereafter the viewers made a supplemental report, in which they stated that they ignored or denied appellant's claim for damages. At the next session of the board of commissioners, appellant appeared before the board and filed exceptions to the original and supplemental report of the viewers, and also filed a motion to dismiss the petition.

Upon the motion of appellees the board of commissioners struck out and rejected his exceptions to the reports of the viewers, and also his motion to dismiss the petition, and

thereupon the board ordered that the highway be construct-
ed and improved as prayed for by the petitioners, that the
work be let, and that bonds be issued, etc. From this order
and judgment of the board, appellant appealed to the Ohio
Circuit Court. In the latter court, appellees, by counsel, ap-
peared and moved to dismiss appellant's appeal. This mo-
tion, over his objections and exceptions, the court sustained,
and dismissed the appeal. Appellant thereupon requested
leave to file a motion to reinstate the case on the docket.
This leave the court refused to grant. He appeals, and as-
signs as error, that the court erred in dismissing the appeal.
Among the questions raised is the constitutional validity of
the three mile gravel road law, under which this proceeding
was instituted, but, under the circumstances, the cardinal
question, and in fact the only one for our consideration is,
Did the court err in dismissing the appeal?

Appellees have been content to submit this case without any
brief or argument on their part. Appellant's contention is
that by §123 of the highway act of 1905 (Acts 1905 p. 521,
§7793 Burns 1908), he was entitled to an appeal from the
board of commissioners to the circuit court, and that he has
complied with the requirements of that section. The latter
fact appears to be established by the record. Section 7793,
*supra,* provides: ''Except as otherwise provided in this act,
any person aggrieved by any decision of the board of com-
missioners of any county, in any proceeding in relation to
highways, may appeal therefrom within thirty days there-
after to the circuit court of such county, by filing a bond,
with surety and penalty, to be approved by the auditor of
such county, conditioned for the due prosecution of such ap-
peal, and the payment of costs, if costs be adjudged against
him. * * * Such appeal shall be tried *de novo,* and may
be had as to any issue [tried], or that might have been tried,
before the county board.''

As we view the case under the law, we think that appel-
lant's contention must be sustained. An examination of the

record discloses no reasons justifying the lower court in dismissing the appeal. Possibly it may be that appellant is not in a position successfully to raise the point in the lower court that the petition should be dismissed, because he may not have seasonably assailed the petition before the board of commissioners, or it may be true that he is not entitled to be awarded damages, but these are matters, however, going to the merits of the case, and are not grounds for dismissing the appeal.

We conclude, therefore, that the court erred in dismissing the appeal, for which the judgment is reversed, with instructions to the lower court to reinstate the case on its docket.